UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **AUSTIN WORKS, MICHAEL LYNCH, CARLTON GRIGSBY, MACK GORDON, CHAD HOLCOMB, CHARLES TILLMAN, SOLOMON WILLIAMS, JAY STEVEN SMITH, TIMOTHY RANDELS, FREDDIE OLIVEAUX, JASON ALBRITTON, and SHAGREY JONES** | **CIVIL ACTION NO. 21cv3567** |
| | **JUDGE HICKS** |
| **VERSUS** | |
| | **MAGISTRATE JUDGE** |
| **FLOWERS FOODS, INC. and FLOWERS BAKING COMPANY OF TYLER, LLC** | **WHITEHURST** |

<u>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN *LIMINE***</u>

Defendants Flowers Foods, Inc. and Flowers Baking Company of Tyler, LLC ("Defendants") submit this Memorandum in Support of their Motion in *Limine*, seeking to preclude any introduction or reference to a U.S. Department of Labor Wage and Hour Division report ("DOL WHD Report" or "Report") that Defendants anticipate Plaintiffs will attempt to introduce at trial.

I.      <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

The DOL WHD Report relates to a "limited investigation" into two Flowers subsidiaries in Georgia, neither of whom are Defendants in this case, and the Georgia distributors who contracted with them.[1] During the arbitration of Plaintiffs' claims prior to the current litigation, Plaintiffs raised the Report and articles discussing the Report. Consequently, Defendants anticipate that Plaintiffs will again raise the Report at trial as evidence of their claims or to rebut Defendants'

---

1 WHISARD Compliance Action Report, DOL Wage and Hour Division, Case Nos. 1794793, 1794794 and 1797727, June 17, 2016, Atlanta GA District Office.

defenses. However, the Report and any reference to the Report should be excluded because its findings are not relevant, pertain to subsidiaries and distributors not parties in this action, lack sufficient indicia of trustworthiness, constitute inadmissible hearsay, and would unfairly prejudice Defendants. For all of these reasons, the Court should grant Defendants' Motion.

## II.    LEGAL STANDARDS

A motion *in limine* provides the Court with the opportunity to decide evidentiary issues in advance of trial "to avoid delay and ensure an evenhanded and expeditious trial." *United States v. Kirk*, No. SA-11-CR-449(2)-DAE, 2013 WL 6198221, at *2 (W.D. Tex. Nov. 27, 2013) (internal citations omitted). (internal citations omitted) A properly filed motion in *limine* permits a trial judge to remove evidentiary submissions from being presented at trial that would otherwise improperly influence or create prejudice, harm or confusion to a party if allowed to be presented to the jury. *Shotts v. GEICO Gen. Ins. Co.*, No. CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (internal citations omitted). Motions in *limine* are "well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Braun v. Clean Harbors Envtl. Servs., Inc.*, No. 1:14-CV-524, 2016 WL 7551201, at *1 (E.D. Tex. May 6, 2016) (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002)). Motions in *limine* must be specific and address particular evidence that is either irrelevant, inadmissible or prejudicial. *See Huff v. Jackson,* No. CA C-11-149, 2013 WL 625045, at *2 (S.D. Tex. Jan. 2, 2013) (granting defendant's motion in *limine* to the extent that it sought to exclude lay witnesses from offering expert testimony).

## III.    LAW AND ARGUMENT

First, the Report is not relevant to this case and should be excluded on this basis alone. Its findings pertain to distributors with two Georgia subsidiaries who are not Defendants in this case

and who worked in an entirely different geographic region. Further, the investigation covered a much more limited time period (September 9, 2014 to September 8, 2016 only).

The Report should also be excluded although the DOL applied the "economic realities" test of the Fair Labor Standards Act ("FLSA,)" this test is a highly individualized, fact-based inquiry that focuses on the actual facts and circumstances surrounding the relationship between putative IC and the Company. The principal inquiry is whether the putative IC is, as a matter of economic reality, economically dependent on the Company. *See Faludi v. U.S. Shale Sols., L.L.C.*, 2020 U.S. App. LEXIS 4791, at *11 (5th Cir. February 14, 2020) (outlining economic realities test factors and noting that "if the balancing of the factors demonstrates that the worker is economically dependent on the employer, then he or she will not constitute an independent contractor and will be covered by the FLSA's requirements").As such, it is solely focused on the circumstances of the individuals at issue.  The Report involved different distributors than the Plaintiffs in this case and different subsidiary defendants.  For that reason, it is inapplicable here.

Lastly, the Report should be excluded because it constitutes inadmissible hearsay to which no exceptions apply. Fed. R. Evid. 803(8)(iii) (formerly Fed. R. Evid. 803(8)(C)) sets out a hearsay exception in a civil case for a record of a public office if it sets out factual findings from a legally authorized investigation; and ***(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness***. Fed. R. Evid. 803(8)(iii) (emphasis added). The Committee Notes suggest several non-exhaustive factors used in determining whether an investigative report is sufficiently trustworthy to be excluded from prohibition against hearsay, including: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which it was conducted; and (4) possible motivation problems suggested. Fed. R. Evid. 803, 1972 Advisory Committee Notes.

All such factors here weigh strongly against the admissibility of the Report because it lacks the requisite indicia of reliance and trustworthiness. First, the limited 2014-2016 Georgia investigation was not timely, ending over six years ago now. Second, to the extent that Plaintiffs seek to introduce this information at trial, Plaintiffs have not presented any information regarding the special skills or experience of the investigator, nor can they as no such information is clear from the face of the Report itself. Third, *no* hearing was held, and the circumstances surrounding the investigation are murky at best, making it unclear whether the investigation was fair and whether the agency's determinations were well-informed. The Report contains no information regarding the methodology used by the investigator(s) or the reason for the initiative of the investigation. Moreover, the Report fails to discuss which documents were evaluated, which witnesses were interviewed, and what those interviews revealed.

Without any sufficient evidence of trustworthiness, which does not exist here, courts regularly find similar reports to be inadmissible. *See*, *e.g., Sullivan v. Dollar Tree Stores, Inc*., 623 F.3d at 778 (9th Cir. 2010) (evaluating whether DOL report was trustworthy under the above factors, and finding the report inadmissible);[2] *Desrosiers v. Flight Int'l of Florida Inc*., 156 F.3d 952, 961-62 (9th Cir. 1988) (report inadmissible where opinions were made by non-expert with no formal training); *Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299, 302 (11th Cir. 1989) (inadmissible because "jury would have no way of knowing whether the preparer [] was cognizant of the requirements underlying the legal conclusion.").

Furthermore, the Report purports to determine the ultimate issue that the jury is to decide,

---

[2] Importantly, in *Sullivan,* after evaluating the applicable factors, the Ninth Circuit found the DOL report to be untrustworthy and inadmissible because: (a) the report was incomplete, with no exhibits; (b) its author was unidentified, making it impossible to assess his skill or experience; (c) no hearing was held; (d) the report was not final, and made recommendations that the case be administratively closed; (e) the DOL did not issue the report or send it to either party prior to the litigation.  The same reasoning applies here.

that is, whether any of the Plaintiffs have been misclassified as independent contractors. This is improper and renders the Report inadmissible on this basis alone. Legal conclusions are not admissible as factual findings. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* No. 13-0550, 2016 WL 9414217, at *13 (E.D. La. June 14, 2016) (excluding legal conclusions in a Bureau of Safety and Environmental Enforcement report and adopting the reasoning of the Fourth, Ninth, and Eleventh Circuits with respect to Rule 803(c)).[3] *See also Zeus Enters., Inc. v. Alphin Aircraft, Inc.,* 190 F.3d 238, 243 (4th Cir. 1999) (NTSB order "involved no factual determinations and was strictly a legal ruling"); *Bolek v. City of Hillsboro*, No. 3:14-cv-00740-SB, 2017 WL 627218, at *10-11 (D. Or. Feb. 13, 2017).

While the Fifth Circuit has never addressed the issue of a similar DOL report, it has consistently excluded from evidence analogous EEOC findings containing legal conclusions due to their prejudicial nature. *Eason v. Fleming Companies, Inc*., No. 92-1390, 1993 WL 13015208, at *3 (5th Cir. Aug. 24, 1993) (citing *Cortes v. Maxus Exploration Co*., 977 F.2d 195 (5th Cir. 1992) (excluding an EEOC finding). For example, in *Nuccio v. Shell Pipeline Company, LP,* the Court found that the EEOC's determination letter was inadmissible because it made "clear legal conclusions" and "definitive statements" that "show a substantial risk of prejudice to Defendant" if admitted. 506 F. Supp. 3d 382, 390 (E.D. La. 2020); *see also Rybar v. Corp. Mgmt., Inc.,* 2015 WL 4366258, at *2-3 (S.D. Miss. Jul. 16, 2015) (finding that the EEOC letter was "more akin to an EEOC violation letter…than one which limits its findings to reasonable cause" that should be excluded under Rule 403).

Just like in the context of EEOC determination letters, the introduction of the Report would also require Defendants to waste valuable trial time challenging the basis of and opinions

---

[3] The Advisory Committee Notes to Rule 803 set out the Committee's intention "that the phrase 'factual findings' be strictly construed and that evaluations or opinions contained in public reports shall not be admissible under this Rule.

expressed in the Report, putting the DOL process on trial. "This will result in a significant trial within a trial that will include a comparison of the evidence considered by the [DOL] and the evidence submitted at trial, an attack on the conclusions reached, and presentation of the different standards that might be applicable." *McNeal v. Kansas City Ry.*, No. 05 CV 791, 2007 WL 1237934, at *2 (W.D. La. Apr. 27, 2007) (finding a EEOC determination letter to be inadmissible). For example, Defendants would be required to subpoena and call DOL employees as witnesses.

In light of the above, there can also be no question that any introduction of or reference to the Report would be unfairly prejudicial to Defendants. Because the Report was authored by the DOL, it would mislead jurors into believing that an authoritative agency had already determined Defendants' liability even though it relates to different Plaintiffs under different facts. *See e.g.*, *Picu v. Bot*, No. C14-0330RSL, at *3-4 (W.D. Wash. May 24, 2016) (DOL report on wage theft found unduly prejudicial). This risk is exactly why Plaintiffs want to introduce this Report. Without any proper purpose, and lacking any sufficient indicia of trustworthiness, admission of the Report would be highly prejudicial to Defendants and improper as a matter of law.

IV.     **CONCLUSION**

The Report is not relevant and would pose a substantial risk that the jury would give undue weight to determinations that were made by a federal agency six years ago with a set of facts and different parties. The Report is also inadmissible hearsay and lacks the requisite indicia of trustworthiness to meet any exemption or exception. The admission of this Report would only confuse the issues, mislead the jury, and be highly prejudicial to Defendants. The Court should exclude any introduction or reference to the DOL WHD Report.

Respectfully submitted, this 17th day of April, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Ellen C. Rains
ELLEN C. RAINS (La. Bar. No. 36927)
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504-648-3840
Facsimile:  504-648-3859
Email: ellen.rains@ogletree.com

Andrew J. Halverson (La. Bar. No. 31184)
325 Settlers Trace Blvd, Suite 201
Lafayette LA 70508
Telephone: 337-769-6582
Facsimile:  337-989-0441
Email: andrew.halverson@ogletree.com

Margaret Santen (*pro hac vice*)
NC Bar No. 52927
Michael D. Ray (*pro hac vice*)
NC Bar No. 52947
Virginia M. Wooten (*pro hac vice*)
NC Bar No. 48180
201 South College Street, Suite 2300
Charlotte, North Carolina 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: maggie.santen@ogletree.com
        Michael.ray@ogletree.com
        virginia.wooten@ogletree.com

Kevin  P. Hishta (*pro hac vice*)
GA Bar No. 357410
C. Garner Sanford, Jr. (*pro hac vice*)
GA Bar No. 005020
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile:  404-870-1732
Email:  kevin.hishta@ogletree.com
        garner.sanford@ogletree.com

ATTORNEYS FOR DEFENDANTS

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed *via* the Court's Electronic Filing,

which provides for service on all parties.

This 17th day of April, 2023.

/s/ Ellen C. Rains
Ellen C. Rains